IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| HECTOR ROSA, et al.,<br><br>**Plaintiff(s)**<br><br>v.<br><br>EMBASSY SUITES HOTEL, et al.,<br><br>**Defendant(s)** | **CIVIL NO.** 09-1673 (JAG) |

**OPINION AND ORDER**

GARCIA-GREGORY, D.J.

Before the Court is Defendant Jorge Rosello Interior Designer and Space Planner's Motion to Dismiss Plaintiffs' complaint for tort damages under Article 1802 of the Civil Code of Puerto Rico[1]. (Docket No. 33). For the reasons set forth, the Court **DENIES** Defendant's motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

On September 4, 2008 at around 8:30PM, Plaintiffs Hector Rosa and his son, Eric Rosa exited the main entrance of the Embassy Suites Hotel, where they were guests for the night. As Plaintiffs walked away from the hotel property, they fell when they stepped unto uneven ground. Plaintiffs had misstepped onto ground that was roughly two and a half feet deeper than their preceding step. There were no signs or protective barriers to

---

[1] 31 L.P.R.A. § 5141

warn hotel guests of this dangerous condition. As a result of the fall, Plaintiff Hector Rosa suffered injuries to his right leg and aggravated an existing injury to his right shoulder. He received medical attention for his injuries, and it was later determined that he had also suffered a torn meniscus as a result of the fall.

Plaintiffs allege that Codefendant Jorge Rosello Interior Designer and Space Planners (hereinafter, "Rosello") is liable for Plaintiffs' damages. According to Plaintiffs, Rosello is the Project Designer of the Embassy Suites Hotel, and as such, he breached his duty of care towards Plaintiffs by failing to properly identify and warn the hotel of hazardous conditions in the design of the area in question. Plaintiffs further contend that Defendant Rosello also breached his duty of care toward Plaintiffs because the design of the area where Plaintiffs fell is inherently unsafe, and Defendant thus failed to foresee that guests might be injured in the area.

Plaintiff Hector Rosa and his son Eric Rosa both sue for their physical and emotional damages suffered as a result of the fall, as well as medical expenses incurred in the treatment of Hector's injuries. Hector Rosa's wife Margarita Rivera, and daughter Briana Lynn Rosa, are also Plaintiffs in this action. They sue for their own emotional suffering after witnessing Hector and Eric's unfortunate accident and resulting injuries.

**STANDARD OF REVIEW**

Motion to Dismiss Standard of Review

In Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court held that to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "a plausible entitlement to relief." Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95-96 (1st Cir. 2007) (quoting Twombly, 550 U.S. at 599). The Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiff's favor. See Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 51 (1st Cir. 1990). While Twombly does not require of plaintiffs a heightened fact pleading of specifics, it does require enough facts to have "nudged their claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570. Accordingly, in order to avoid dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555.

In Ashcroft v. Iqbal, --- U.S. ----, 129 S.Ct. 1937 (2009), the Supreme Court upheld Twombly and clarified that two underlying principles must guide this Court's assessment of the adequacy of a plaintiff's pleadings when evaluating whether a complaint can survive a Rule 12(b)(6) motion. See Iqbal, 129 S.Ct. at 1949-50.

The First Circuit has recently relied on these two principles as outlined by the Supreme Court. See Maldonado v. Fontanes, 568 F.3d 263, 266 (1st Cir. 2009). "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 555). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 129 S.Ct. at 1950 (citing Twombly, 550 U.S. at 556). Thus, any nonconclusory factual allegations in the complaint, accepted as true, must be sufficient to give the claim facial plausibility. Iqbal, 129 S.Ct. At 1950. Determining the existence of plausibility is a "context-specific task" which "requires the court to draw on its judicial experience and common sense." Id. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" Id. (quoting Fed. R. Civ. P. 8(a)(2)). Furthermore, such inferences must be at least as plausible as any "obvious alternative explanation." Id. at 1950-51 (citing Twombly, 550 U.S. at 567).

**DISCUSSION**

Defendant Rosello's first alleged ground for dismissal is that he has not been served with process. Plaintiffs attempted to serve process upon Defendant by leaving a copy of the Complaint and Summons at Defendant's office with his secretary, who is allegedly not authorized to receive summons. In the alternative, Defendant argues that Plaintiffs attempt to serve summons was untimely. Since the complaint was filed on July 15, 2009, and service of process was attempted on April 6, 2010, Plaintiff did not serve Defendant within the 120 day time period of Rule 4. Fed. R. Civ. P. 4(m).

Rule 4(h) provides that a corporation may be served with summons in the same way as an individual under Rule 4(e)(1), which in turn allows a Plaintiff to serve summons following state law. Rule 4.4(e) of the Puerto Rico Rules of Civil Procedure provides that process may be served upon a business entity by "delivering a copy of the summons and of the complaint to an officer, managing or general agent, or to any other agent authorized by appointment or designated by law to receive service of process." 32 L.P.R.A. App. I Rule 4.4.

Plaintiff served process upon Defendant by leaving a copy of the summons and the complaint at Defendant's office with his secretary, Carmen Hernandez. In the Proof of Service of the summons (Docket No. 24), the process server, a Mrs. Diana Lopez, declares under penalty of perjury that she served process upon

Mrs. Hernandez, an assistant to Defendant and the authorized person to receive summons on his behalf. Plaintiff also submits a sworn statement (Docket No. 36-1) by Mrs. Lopez in which she asserts that when she asked Mrs. Hernandez whether she was the agent authorized to receive summons, Mrs. Hernandez answered in the affirmative.

Plaintiffs' proffers are enough to persuade the Court that Defendant has been adequately served with process. Furthermore, where the Defendant has received actual notice of the action, as is the case here, "service of process requirements are to be 'broadly interpreted' and 'substantial compliance' with the requirements suffices (citations omitted)". U.S. v. Rodríguez, 14 F.3d 45 (1st Cir. 1993).

Defendant's untimeliness argument is untenable. Plaintiffs filed an Amended Complaint including Defendant on March 5, 2010. (Docket No. 21). The summons for Defendant was issued five days later on March 10, 2010. (Docket No. 22). Plaintiff served summons on Defendant on April 16, 2010, well within the 120 day limit of Rule 4(m).

Defendant next argues that Plaintiff's cause of action is barred by the one year statute of limitations to suits in tort under Puerto Rico law. 31 L.P.R.A. § 5298. Plaintiffs' injury came about on the evening of September 4, 2008, yet the

complaint against Defendant was filed more than a year later, on March 5, 2010.

Article 1868[2] provides for a limitations period of one year for civil actions under Article 1802[3]. The period begins running as soon as the claimant learns of the injury and of the identity of the tortfeasor. Nazario v. E.L.A., 159 P.R. Dec. 799, 805 (2003). The period can be interrupted however, if the claimant brings his action before a court within the year. 31 L.P.R.A. § 5303. Plaintiffs learned of their injury on September 4, 2008. They brought suit against the Embassy Suites Hotel and several other joint tortfeasors on July 15, 2009. Having brought forth their claim within the year, the prescriptive period was interrupted and began running anew on July 15, 2009. Plaintiffs then discovered Defendant Rosello's name and identity, and amended the complaint to include it as a Defendant. The amended complaint was filed on May 13, 2010, also within the year (Docket No. 29). Given that "[i]interruption of prescription of actions in joint obligations equally benefits or injures all the creditors or debtors", 31 L.P.R.A. § 5304, the filing of the initial complaint on July 15, 2009 interrupted the limitations period for Defendant Rosello. Hence Plaintiffs' assertion of their cause of action less than a year afterwards on May 13, 2010 against Defendant Rosello is timely.

---

[2] 31 L.P.R.A. § 5298
[3] 31 L.P.R.A. § 5141

Defendant's final argument for dismissal is that Plaintiffs fail to state a claim against it under Rule 12(b)(6). Defendant contends that it was not involved in the design or care of the area where Plaintiffs fell; it was only involved in the design and decoration of the interior lobby of the hotel. Plaintiffs argue otherwise, and in any case, they aver that whether Defendant Rosello was involved in the design of the area of the accident is not a matter for the Court to take up at such an early stage of the proceedings. Defendant's Motion to Dismiss and Plaintiffs' brief in opposition, include various attached documents which the parties proffer to support or contend Defendant Rosello's involvement with the design of the area of the accident.

The time is not ripe for the Court to decide on this material issue of fact which seems to be in dispute. The issue of Defendant Rosello's involvement in the area where Plaintiffs fell is best suited for the summary judgment stage. At this point, all that is required of Plaintiffs is that they state a plausible entitlement to relief on the face of the complaint. Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). And, after making all reasonable inferences in Plaintiff's favor, the Court finds that they have met the pleading standard. Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 51 (1st Cir. 1990).

In order to successfully bring forth a claim under Article 1802 a plaintiff must prove (1) that the defendant has acted negligently; (2) that plaintiff has suffered injuries as a result of defendant's negligent conduct and; (3) the nature and extent of his damages. <u>Miranda v. E.L.A.</u>, 137 P.R. Dec. 700, 706 (1994). Plaintiffs clearly allege in the complaint that Defendant had a duty to design the area in a reasonably safe manner and to give notice to any pedestrians of the possible danger involved in walking through the area. They also allege that their injuries came about as a result of Defendant Rosello's negligent failure to comply with its duty of care. Plaintiffs allege that they fell in the area because of its inherently dangerous design and lack of signs or warning as to the danger it poses to pedestrians. Finally, Plaintiffs allege the damages suffered as a result of the accident: serious physical injuries, hospital visits, medical expenses and emotional damages. Plaintiffs have stated a plausible claim for relief. Defendant's Motion to Dismiss is without merit.

### CONCLUSION

For the reasons stated above, the Court hereby **DENIES** Defendant's Motion to Dismiss.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 14th day of February, 2011.

        <u>S/Jay A. Garcia-Gregory</u>
        JAY A. GARCIA-GREGORY
    United States District Judge